UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID JULIAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-1077 |
| ) | |
| RICHARD BIRKEY, Acting Warden, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

Now before the Court is Petitioner, David Julian's ("Julian"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition [#2] is denied.

**FACTUAL BACKGROUND**

Following a trial in the Circuit Court of Tazewell County, Illinois, Julian was found guilty of armed robbery. On January 10, 2001, he was sentenced to a term of 40 years' imprisonment. Julian was subsequently convicted of a second charge of armed robbery in the same court, and on April 5, 2001, he was sentenced to another 40-year term to be served concurrently with his first term. He is now incarcerated at the Illinois River Correctional Center in Canton, Illinois.

Julian filed a consolidated direct appeal to the Illinois Appellate Court, Third District in which he appealed both convictions and raised essentially two issues: (1) the cause should be remanded for further post-trial proceedings on his claim of

ineffective assistance of counsel; and (2) petitioner should be resentenced for each of his convictions because the court considered an improper factor in aggravation. On December 11, 2002, the Illinois Appellate Court rejected his claims and affirmed his convictions and sentences. Julian's petition for leave to appeal to the Illinois Supreme Court was denied on April 2, 2003.

On August 7, 2002, Julian filed a petition for post-conviction relief in which he raised the following claims: (1) he received ineffective assistance of counsel for incorrectly advising him that the maximum sentence he could receive was 30 years for each crime, to run concurrently, inducing him to reject the State's plea offer of 23 years; (2) his Sixth and Fourteenth Amendment rights were violated when trial counsel coerced him to request a bench trial rather than a jury trial; (3) the trial court denied him effective assistance of counsel by failing to admonish him under Illinois Supreme Court Rule 403 at the stipulated bench trial; (4) his right to testify under the Sixth and Fourteenth Amendments was violated at both trials; and (5) he received ineffective assistance of counsel with respect to each of these claims. Following an evidentiary hearing, Julian's petition was denied by the circuit court on March 18, 2003. He filed an appeal with the Illinois Appellate Court, and the trial court's dismissal of his post-conviction petition was affirmed on October 14, 2004. Julian's petition for leave to appeal to the Illinois Supreme Court, which raised only the first issue, was denied on January 26, 2005.

Julian then filed the present Petition for Writ of Habeas Corpus pursuant to § 2254 mounting a collateral attack with respect to his April 2001 conviction. In this Petition, he argues that he received ineffective assistance of counsel when counsel

advised him that he could not receive a sentence greater than 30 years' imprisonment based on the Supreme Court's decision in Apprendi v. New Jersey, and this information coerced him to reject the State's plea offer of a 23-year sentence. This Order follows.

## LEGAL STANDARD

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988).  If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. Id.  In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed. Id.  In the present case, Respondent does not argue that Petitioner has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992).  This occurs in one of two ways.  First, a procedural default may occur when a petitioner

fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell, 939 F.2d at 411. Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995).

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis. A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Id. at 869. In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error. Id. at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." Id. at 871, 876-77. Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved. A petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## DISCUSSION

Julian argues that his trial counsel was ineffective for advising him that he could not receive a sentence in excess of 30 years' imprisonment following the Supreme Court's decision in Apprendi. He then suggests that absent this advice, he would not have rejected the State's plea offer of 23 years. This claim was properly presented and was adjudicated on the merits in his state court proceedings.

Here, the trial court held an evidentiary hearing and made a factual finding that Julian's counsel did not provide the erroneous information as claimed in his petition. Pursuant to 28 U.S.C. § 2254(e)(1), factual issues decided by the state courts are presumed to be correctly resolved, and a petitioner must rebut this presumption by clear and convincing evidence. Todd v. Schomig, 283 F.3d 842, 846 (7th Cir. 2002). Accordingly, the state court's factual determination that Julian's counsel did not

erroneously inform him that he could not receive a sentence greater than 30 years must be presumed to be correct in this proceeding absent a showing by clear and convincing evidence that the finding was unreasonable based on the record.

During the evidentiary hearing, Julian admitted that he was told by the trial judge during his first appearance that the maximum sentence that he could receive on each charge was 60 years and also acknowledged that his attorney had told him the same thing prior to his first trial. Julian's attorney, Dennis Sheehan ("Sheehan"), testified that he told Julian that the offense was non-probationable with a minimum of a six to a maximum of 30 years and that in his particular case, the maximum was 60 years. While Sheehan did tell Julian that in his opinion, he thought that the appropriate sentence would be 30 years, he also testified that he never told Julian that he could not get more than 30 years based on Apprendi and recommended that Julian take the state's offer of 23 years rather than leaving it to the judge to decide what penalties would be imposed against him. In making its factual determination, the circuit court held:

> Evidence was clear that Mr. Julian was advised by his attorney and by the court that he was eligible for an extended term of up to 60 years in the Illinois Department of Corrections. Mr. Sheehan did state that when discussing a plea negotiation offer by the state he [Sheehan] opined that the sentence might be 30 years. He never stated that that was the maximum sentence or that a sentence could not be longer. Mr. Julian knew, because both the court and his attorney told him, that he was eligible for an extended term.

The Illinois Appellate Court upheld this factual finding as not against the manifest weight of the evidence.

Here, Julian contends that counsel told him that he could not receive a sentence greater than 30 years and that counsel admitted this at the evidentiary hearing. However, Julian has offered nothing new for this Court to consider, much less something that would rebut the state court's factual determinations by clear and convincing evidence. He offers no support for his assertions, and support is not provided by any of the documents that he submitted in support of his Petition. Julian's assertions are contrary to the factual findings of the circuit court following an evidentiary hearing. The circuit court held the hearing, listened to testimony, and made credibility determinations based on its observations. Federal courts hearing habeas corpus petitions based on state convictions have "no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." Marshall v. Lonberger, 459 U.S. 422, 434, 103 S.Ct. 843 (1983).

As Julian does little more than ask this Court to accept his disagreement with the decision of the circuit and appellate courts, he has failed to introduce evidence rebutting the presumption of factual correctness by clear and convincing evidence and has provided no other basis for finding that the appellate court's conclusion was based on an unreasonable application of the facts in light of the evidence presented in the state court proceedings. See § 2254(d)(2) Accordingly, the Court must conclude that Julian's bald assertion of a constitutional violation is simply insufficient to meet the standard required to obtain federal habeas relief. His petition for writ of habeas corpus is therefore denied.

## CONCLUSION

For the reasons set forth herein, Julian's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#2] is DENIED.  This matter is now terminated.

ENTERED this 12th day of August, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
